UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LYNDSEA K. SULLIVAN,

                         Plaintiff,

v.                                                    1:22-CV-0630
                                                    (GTS/ATB)

CITY OF GLENS FALLS;
GLENS FALLS POLICE DEPARTMENT;
OFFICER BRADLEY MURPHY;
OFFICER CHRISTOPHER PERILLI;
DETECTIVE SETH FRENCH;
SERGEANT CARL J. MATTISON; and
ASSISTANT CHIEF SHAWN LOVELACE,

                         Defendants.
_____

APPEARANCES:

LYNDSEA K. SULLIVAN, 21-A-2231
  Plaintiff, *Pro Se*
Marcy Correctional Facility
P.O. Box 3600
Marcy, New York 13403

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

       Currently before the Court, in this *pro se* civil rights action filed by Lyndsea K. Sullivan ("Plaintiff") against the City of Glens Falls, the Glens Falls Police Department, and the five above-captioned employees of the Glens Falls Police Department ("Defendants"), is United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending as follows: that Plaintiff's claims against Defendant Glens Falls Police Department be dismissed with prejudice; that Plaintiff's claims against Defendant City of Glens Falls and Defendant Lovelace

be dismissed without prejudice; that Plaintiff's false arrest claim, malicious prosecution claim, and abuse of process claim against Defendants Murphy and Perilli be permitted to proceed; that Plaintiff's false arrest claim against Defendant Mattison be permitted proceed; that Plaintiff's malicious prosecution claim and abuse of process claim against Defendant Mattison be dismissed without prejudice; that Plaintiff's malicious prosecution claim against Defendant French be permitted proceed; that Plaintiff's false arrest claim and abuse of process claim against Defendant French be dismissed without prejudice; and that any equal protection claim and "negligent investigation" claim asserted by Plaintiff be dismissed without prejudice. (Dkt. No. 5.)  Plaintiff has not filed an Objection to the Report-Recommendation, and the deadline by which to do so has expired.  (*See generally* Docket Sheet.)  After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation.[1]  Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 5) is

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** **with prejudice** against Defendant Glens Falls Police Department; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** **without prejudice** against Defendants City of Glens Falls and Lovelace; and it is further

**ORDERED** that Plaintiff's claims for false arrest, malicious prosecution, and abuse of process against Defendants Murphy and Perilli **SURVIVE** the Court's *sua sponte* review of Plaintiff's Complaint; and it is further

**ORDERED** that Plaintiff's false arrest claim against Defendant Mattison **SURVIVE** the Court's *sua sponte* review of Plaintiff's Complaint; and it is further

**ORDERED** that Plaintiff's malicious prosecution and abuse of process claims against Defendant Mattison are **DISMISSED** **without prejudice**; and it is further

**ORDERED** that Plaintiff's malicious prosecution claim against Defendant French **SURVIVES** the Court's *sua sponte* review of Plaintiff's Complaint; and it is further

**ORDERED** that Plaintiff's false arrest and abuse of process claims against Defendant French are **DISMISSED** **without prejudice**;

**ORDERED** that any equal protection claim and "negligent investigation" claim asserted by Plaintiff are **DISMISSED** **without prejudice**; and it is further

**ORDERED** that the Court will defer service on Defendants until Plaintiff has had an opportunity to amend his Complaint; and it is further

**ORDERED** that, should Plaintiff wish to file an Amended Complaint in this action (curing the pleading defects identified above with regard to those claims that have been

dismissed without prejudice), that Amended Complaint must be filed within **THIRTY (30) DAYS** of the date of this Decision and Order;[2] and it is further

**ORDERED** that, should Plaintiff file an Amended Complaint within the above-referenced thirty (30) day time period, the Amended Complaint be returned to Magistrate Judge Baxter for further review pursuant to 28 U.S.C. § 1915.

Dated: September 21, 2022
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

---

[2] Plaintiff is further advised that the Amended Complaint must be a complete pleading that will supercede and replace the original Complaint filed in this action in all respects, in compliance with the pleading standards set forth in Fed. R. Civ. Proc. 8 and 10 and N.D.N.Y. Local Rule 10.1.